# HARVE BURR v. STATE.

No. A-8736.   Sept. 7, 1934.
(35 Pac. [2d] 740.)

N. S. Corn, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (Hester Atherton Gifford, of counsel), for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Dewey county of the crime of receiving stolen property, and his punishment fixed by the jury at imprisonment in the state penitentiary for a term of one year.

The evidence of the state, in substance, was that two sets of harness, five cloth collars, two riding bridles, and a rope were stolen from one Joe Gott, in Ellis county; that about the 1st of April the sheriff of Dewey county, searching the premises of defendant, found one of the collars being used on a horse owned by defendant; that upon defendant's arrest he at first denied he knew anything about the harness, but later made a proposition to the sheriff about the case and took him and showed him where the harness was concealed in a canyon, some distance from where he lived; that he received this harness from Willard Peoples

and Marion Robertson; that they admitted to him the harness had been stolen, but refused to tell him where they got them, in order that he might return them; that he never told the sheriff or anybody else about the harness until after his arrest.

Marion Robertson had already pleaded guilty on a charge of stealing the harness in Ellis county, and, testifying for the state, said he helped steal the harness; that they took them to defendant's place; that Willard Peoples owed defendant $15, and they turned the harness in to pay that debt and were to receive two gallons of whisky, but only received one gallon.

Defendant, testifying for himself, admitted that he received the property and believed it was what he called "hot," but denied that he purchased it or intended to make any deal for it. He was corroborated by Willard Peoples. This conflict in the evidence was for the jury. There is sufficient evidence to support their verdict.

Defendant contends the court erred in permitting the state to introduce evidence affecting the character of defendant, without him having first put his character in issue.

On direct examination defendant admitted that four or five years before he had been convicted of selling a gallon of whisky to an old drunkard, but denied he had sold any liquor since; that he had not sold any whisky or violated any of the liquor laws since that time. On cross-examination, the state asked defendant if the sheriff did not find some whisky at his place when he went there to search, and if he did not pour the whisky out before the sheriff could get it. He answered that he did not.

In rebuttal the state was permitted to show by the sheriff that there was whisky in the house when he went there to search, and that defendant's wife poured it out.

This court has held in numerous cases that, where defendant puts his character in issue, the state in rebuttal may introduce evidence tending to show bad character.

The court erred in admitting this evidence, but, defendant having put his character in issue and the evidence on this point being upon a collateral issue, the error is not sufficient to require a reversal of the case.

No fundamental error appearing, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.